UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INTERNAL WINE & SPIRITS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3586-JCZ-SS** |
| **IMPERIAL BRANDS, INC.** | |

## ORDER

PLAINTIFF'S MOTION FOR SANCTIONS (Rec. doc. 43)

**GRANTED IN PART AND DENIED IN PART**

On February 26, 2010, the motion of the plaintiff, International Wine & Spirits, Inc. ("International Wine" and sometimes referred to as "Distributor"), to compel discovery from the defendant, Imperial Brands, Inc. ("Imperial Brands" and sometimes referred to as "Importer"), and Glazer's Distributors of Louisiana, Inc. ("Glazer") was granted in part and denied in part. By Friday, March 12, 2008, the defendants were required to produce information on: (a) Importer's decision to appoint Glazer as its exclusive distributor in Louisiana; (b) Importer's contacts and agreements with Glazer up to the time of Distributor's termination on December 5, 2008; (c) communications between Importer and Glazer up through December 5, 2008; and (d) Glazer's purchases and sales of Importer's product for December 5, 2008 through December 31, 2009. Rec. doc. 39.

On Monday, March 15, 2010, the Distributor filed a further motion for sanctions. It contends that Importer and Glazer did not comply with the February 26, 2010 discovery order. There is no evidence that Distributor complied with L.R. 37.1 before filing the motion. The rule provides that:

> No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have <u>conferred in person or by telephone</u> for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

L.R. 37.1(emphasis added). Distributor contends that Importer committed discovery violations and should be sanctioned. While Distributor may have concluded that nothing could be gained by complying with Rule 37.1, the rule does not grant it such discretion. Notwithstanding the failure to comply with the Rules of Court, the motion will be considered. But counsel is cautioned that they must comply with the rules, <u>especially</u> those that promote cooperation-not animosity.

It is undisputed that Importer and Glazer failed to comply with the February 26, 2010 order. Importer and Glazer did not produce the information sought in the four categories by Friday, March 15, 2010. While it sought an informal extension from Distributor, it did not receive such an extension,[1] and it did not seek an extension of the deadline from the court. Pursuant to Fed. R. Civ. P. 37(b)(2) the court may make such orders as are just where a party fails to comply with an order compelling discovery.

> [T]he court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

<u>Id</u>. Counsel for Importer and Glazer urge that because of a two to three week trial in Civil District Court, the responses required by the February 26, 2010 order were not timely. Rec. doc. 57. If the court had been presented with a motion for an extension of the deadline, the circumstances described by counsel would merit favorable consideration. Notwithstanding the demands on counsel for

---

[1] Again, counsel should try to cooperate and accommodate each other's schedules.

Importer and Glazer, if they could not comply with the deadline and Distributor refused to extend the deadline, it was incumbent on them to seek a formal extension. The failure to comply with the order or seek an extension of the deadline was not substantially justified. Counsel for Importer and Glazer shall pay Distributor one-half of the attorneys' fees and costs incurred in the preparation of the Distributor's motion for sanctions and reply memorandum in support of the motion for sanctions. The sanctions are set at one-half of the attorneys' fees because of Distributor's failure to comply with L.R. 37.1.

In this action, Distributor first sought documents from Importer. In its second motion to compel, Distributor stated that, "[a]s a result of Imperial Brands' refusal to produce information and documents specifically related to its business dealings . . . with or about Glazer, International Wine issued a Subpoena to Produce Documents to Glazer on January 27, 2010." Rec. doc. 29. In response to the first and second motions to compel, the February 26, 2010 order was issued. Importer and Glazer were ordered to produce the information responsive to the four categories. They were not required to produce the same documents twice. As long as Importers' contacts and agreements with Glazer up to the time of Distributor's termination on December 5, 2008 were produced, that portion of the February 26, 2010 order was satisfied.

Importer and Glazer report that: (1) prior to the February 26, 2010 discovery order they furnished the sales on Sobieski vodka for the first three months of 2009; (2) on March 6, they produced the Importer/Glazer distributor contract; (3) on March 16, they produced the vodka sales for the remaining nine months of 2009; (4) on March 25, several e-mails were produced; (5) by March 26, the sales data on the vodka was reformatted and produced; (6) on March 29, e-mails between Importer and Glazer and internal Glazer e-mails were produced; and (7) on March 30,

3

additional e-mails were produced.

E-mails for Ron Lepow of Glazer, the primary contact with Importer, were produced. Glazer and Importer are not required to make further searches for electronic communications responsive to categories (b) and (c) above.

Glazer and Importer acknowledge that they did not produce the sales information for the Marie Brizard brand. They report that: (1) the brand is a small part of the case, (2) their counsel forgot to ask for it; (3) the information has been requested; and (4) as soon as it is received it will be produced as soon as it is received.

IT IS ORDERED that:

1. Distributor's motion for sanctions (Rec. doc. 43) is GRANTED in PART and DENIED in PART.

2. **Within seven (7) calendar days of the entry of this order,** Importer and Distributor shall produce the information on the sales of the Marie Brizard brand.

3. **Within fourteen (14) calendar days of the entry of this order**, Distributor shall file its request for one-half of the attorneys' fees and costs incurred in the preparation of the Distributor's motion for sanctions and reply memorandum in support of the motion for sanctions.

New Orleans, Louisiana, this 1st day of April, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**

Q:\Motions\2009 Motions\09-3586.5.wpd

4